IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1170-D |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action seeking habeas relief under 28 U.S.C. § 2241. *See* Pet. [Doc. No. 1]. This matter has been referred by United States District Judge Timothy D. DeGiusti for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). On preliminary review of the Petition, *see* Rules 1(b) and 4, Rules Governing Section 2254 Cases in the United States District Courts, and for the reasons set forth below, it is recommended that the Petition be dismissed.

**I.      Petitioner's Litigation History/Factual Background**

**A. Petitioner's Prior Habeas Action**

This Court recently addressed a separate petition for habeas corpus relief brought by Petitioner pursuant to 28 U.S.C. § 2241. Case No. CIV-15-682 (2015 Action). In the 2015 Action, Petitioner brought four claims: (1) suspension of habeas corpus, due process, and access to courts; (2) unlawful detention and ex post facto enhancement of punishment; (3) discrimination on the basis of disability; and (4) a request for a declaratory judgment requiring the state court to follow its own procedures. *See* R. & R. at 2, Case No. CIV-15-682-D [Doc. No. 12]. Due to the nature of the filings, the Court ordered Petitioner to show cause why it should not dismiss the Petition for failure to exhaust state court remedies, for failing to identify the sentence

being challenged, and for pursuing Section 1983 and Section 2254 claims in an action brought pursuant to 28 U.S.C. § 2241. *Id.* at 4. Petitioner responded that it was not a Section 1983 or Section 2254 matter, but instead a Section 2241 matter. *Id.*

The Court dismissed the first, second, and fourth claims to the extent they raised purely state-law questions. *Id.* at 7-9; Order, at 2, Case No. CIV-15-682-D [Doc. No. 14] (concurring in recommendations and denying petition without prejudice). The Court dismissed Petitioner's claim (asserted in claims two and four) that he was being unconstitutionally imprisoned due to being transferred to an out-of-state private contractor's custody as not cognizable under Section 2241 because no Constitutional law supported his claims and he provided no evidence that he was imprisoned out of state. R. & R. at 9-12, Case No. CIV-15-682-D [Doc. No. 12]; Order, at 2, Case No. CIV-15-682-D [Doc No. 14] (concurring in recommendations and denying petition without prejudice). Finally, the Court dismissed the third ground because the claims were related to the conditions of his confinement rather than the execution of his sentence. R. & R. at 12-14, Case No. CIV-15-682-D [Doc. No. 12]; Order, at 2, Case No. CIV-15-682-D [Doc. No. 14] (concurring in recommendations and denying petition without prejudice). In sum, the Court determined Petitioner did not intelligibly discuss the Court's limited power over state-court actions, its restricted mandamus power, or its jurisdiction to grant the other relief sought by his Petition. Order, at 2, Case No. CIV-15-682-D [Doc. No. 14].

**B. Claims Brought in This Action**

Petitioner now brings this action under 28 U.S.C. § 2241 seeking habeas relief on three grounds: (1) wrongful incarceration; (2) denial of access to courts, due process, and suspension of habeas corpus; and (3) violations of various provisions of the Oklahoma Constitution.

## II. Analysis

### A. Governing Standard

Rule 4 requires this Court to review habeas petitions promptly and to summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4 of the Rules Governing Section 2254 Cases; *see also* Rule 1(b) of the Rules Governing Section 2254 Cases ("The district court may apply any or all of these rules to a habeas corpus petition [filed under a statute other than Section 2254]."). After a review of the Petition, the Court has determined that it fails to state any cognizable claim under 28 U.S.C. § 2241, and it should be dismissed.

### B. Grounds for Dismissal

#### 1. Ground One—Petitioner Fails to Identify Facts Challenging the Execution of His Sentence or the Nature of His Confinement

"A petition brought under 28 U.S.C. § 2241 typically attacks the execution of a sentence rather than its validity and must be filed in the district where the prisoner is confined." *Brace* v. *United States*, 634 F.3d 1167, 1169 (10th Cir. 2011) (internal quotation marks and citation omitted). It is "the *nature* of a prisoner's confinement, not the *fact* of his confinement" that is the gravamen of a Section 2241 petition or challenge. *Prost v. Anderson*, 636 F.3d 578, 581 (10th Cir. 2011) (emphasis in original).

Petitioner, however, alleges no facts to show that he is challenging the execution of his sentence or the nature of his confinement. He does not, for instance, seek to challenge "certain matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters . . . affecting the fact or duration" of his custody. *Hale v. Fox*, 829 F.3d 1162, 1165 n. 2 (10th Cir. 2016) (internal quotation marks and citation omitted). Instead, Petitioner's claims in Ground One "attempt[] a frontal assault on his conviction." *Prost*, 636

3

F.3d at 581. For example, he states he has been wrongfully imprisoned for 34 years. Pet. at 2 [Doc. No. 1].[1] He also claims he is wrongfully incarcerated because there are no records of his conviction. *Id.* at 7. While such attacks, which challenge the validity of Petitioner's conviction, are proper in a Section 2254 action, *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997), they fail to establish a basis for habeas relief arising under Section 2241 because they do not attack the execution of his sentence. Therefore, the claims in Ground One should be dismissed. To the extent Petitioner desires to challenge the validity of his conviction and subsequent sentence, as his Petition suggests, then he must do so by filing an action pursuant to Section 2254 and utilizing the proper form.[2]

### 2. Ground Two—Petitioner's Claims Are Not Cognizable Federal Habeas Claims

Ground Two asserts that Petitioner was denied access to the courts, his due process was violated, and that habeas corpus was suspended. Pet. at 7 [Doc. No. 1]. Indeed, Petitioner challenges a state court's refusal to comply with the state's civil procedure with regard to habeas

---

[1] Page citations are to the page number contained in the ECF filing.

[2] It appears Petitioner may be bringing this action under Section 2241 in an effort to avoid the untimeliness of any action brought under Section 2254. In the majority of Section 2254 cases, in order to determine a petition's timeliness, the Court must know the date on which the underlying judgment became final. *See* 28 U.S.C. § 2244(d)(1)(A). The Petition in this action does not contain information as to when the underlying judgment became final or otherwise explain why the claims were timely. Instead, the Petitioner filled out the form petition for a Section 2241 claim which, unlike the form Section 2254 petition, does not require the petitioner to include allegations concerning the timeliness of the petition under 28 U.S.C. § 2244(d) (while Section 2241 actions are also subject to time limitations, the date the judgment became final is not typically the trigger date because the prisoner seeks relief from a post-conviction determination regarding his sentence). The Court takes judicial notice of the fact that Petition is currently serving a sentence imposed in 1985. Mot. to Dismiss Pet., Ex. 1, WH-2016-9 (Cleveland County Dist. Ct., Sept. 21, 2016) (Record showing that Petitioner was received into custody of the Oklahoma Department of Corrections on April 30, 1985).

corpus actions.³ Pet. at 3 [Doc. No. 1]. Petitioner brought a similar claim in the 2015 Action. Pet. at 6, Case. No. CIV-15-682-D [Doc. No. 1]. As discussed below, these claims are not cognizable federal habeas claims.

### a. Denial of Access to Courts and Due Process Are 42 U.S.C. § 1983 Claims

Petitioner contends that his facility is denying him access to the Courts because he has been denied access to the prison system law library. Pet. at 6 [Doc. No. 1]. This claim challenges the conditions of Petitioner's confinement and does not independently seek an immediate release or shortened term of confinement. *See Gonzales v. Warden*, 55 F. App'x 879, 880 (10th Cir. 2003) (unpublished) ("To the extent [Petitioner] attempts to raise his claim regarding denial of access to a law library, we agree with the district court that he must file a § 1983 action . . . ."). Therefore, the claim must be brought in a civil rights action pursuant to 42 U.S.C. § 1983, and not in a habeas action. *See Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012) ("[A] prisoner who challenges the fact or duration of his confinement and seeks immediate release or a shortened period of confinement, must do so through an application for habeas corpus. . . . In contrast, a prisoner who challenges the conditions of his confinement must do so through a *civil rights action*." (emphasis added)); *see also Woodruff v. Wyoming Dep't of Corr.*, 37 F. App'x 372, 373 (10th Cir. 2002) (unpublished) (dismissing state prisoner's habeas action on the basis that it challenged the conditions of his confinement where he sought relief on allegations that he was denied access to the courts due to his indigent status); *Parker v. Lansing*, 21 F. App'x 842 (10th Cir. 2001) (unpublished) (finding that although the petitioner did not

---

³ The statutes cited by Petitioner, Okla. Stat., tit. 12, §§ 1333 and 1334, address state habeas corpus procedures.

assert an access to courts claim, if he had, it "would not have been cognizable in a habeas proceeding"). As such, Petitioner's claim is not cognizable in this Section 2241 action.

### b. Due Process and Suspension of Habeas Corpus

Petitioner contends the state court erred by denying him due process and suspending state habeas corpus. Pet. at 3, 7 [Doc. No. 1]. A challenge to a state's post-conviction procedures "fails to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1524 (10th Cir. 1993); *see also Lopez v. Trani*, 628 F.3d 1228, 1229 (10th Cir. 2010) ("Our precedent makes clear that the district court did not err in dismissing claims that related only alleged errors in the post-conviction proceedings."); *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) ("[B]ecause the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim."). Therefore, because the due-process and suspension-of-habeas-corpus claims emanate from state post-conviction proceedings, Petitioner fails to state a cognizable claim for relief under 28 U.S.C. § 2241.

### 3. Ground Three—Petitioner's Claims Are Rooted in State Law

Petitioner's third ground for relief alleges violations of the three sections of the Oklahoma Constitution as well as "corresponding federal constitutional rights." Pet. at 7 [Doc. No. 1]. Petitioner does not have a federal habeas claim with regard to the alleged violations of the Oklahoma Constitution, however. Federal habeas relief is not cognizable for alleged violations of state law. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000) ("[C]laims of state law violations are not cognizable in a federal habeas action."); *see also Burris v. McCollum*, No. 16-6185, 2016 WL 5543301, at *1 (10th Cir. Sept. 29, 2016) (unpublished) ("To the extent that claim rested on state law violations, it did not state a cognizable federal habeas action.");

*Ellis v. Hargett,* 302 F.3d 1182, 1189 (10th Cir. 2002). Similarly, without more substance, the reference to "corresponding federal constitutional rights" is too vague and conclusory to support a claim for relief. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (dismissing pro se prisoner complaint and stating "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"). Petitioner's claim is entirely rooted in state law, as he specifically references sections of the Oklahoma Constitution as the basis of his claim. Accordingly, Ground Three of the Petition should be dismissed.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] should be summarily dismissed because Petitioner does not present a cognizable claim under 28 U.S.C. § 2241. If Petitioner desires to challenge the validity of his conviction, he should do so by filing an action using the proper form for habeas claims under 28 U.S.C. § 2254. If Petitioner desires to challenge the conditions of his confinement, he should bring an action pursuant to 42 U.S.C. § 1983.

## NOTICE OF RIGHT TO OBJECT

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by December 21, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

**STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 30th day of November, 2016.

BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE