IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-1170-D |
| | ) | |
| CARL BEAR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

O R D E R

Petitioner, a state prisoner appearing *pro se,* brought this action pursuant to 28 U.S.C. § 2241 seeking habeas relief for wrongful incarceration; denial of access to courts, due process, and suspension of habeas corpus; and violations of various provisions of the Oklahoma Constitution. *See* Pet. [Doc. No. 1] at 7. The matter was referred to Magistrate Judge Bernard M. Jones for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B). On November 30, 2016, Judge Jones issued a Report and Recommendation [Doc. No. 9] wherein he recommended dismissal of the Petition for failing to "present a cognizable claim under 28 U.S.C. § 2241." R. & R. [Doc. No. 9] at 7.

In his Objection [Doc. No. 10], Petitioner presents no persuasive argument or authority that would cause this Court to reject Judge Jones's conclusions. Indeed, it is difficult to discern precisely what Petitioner contends the Magistrate Judge got wrong. Nevertheless, the Court has reviewed the entirety of the Magistrate Judge's Report and

Recommendation, as well as the record of the case, and fully concurs in the Report and Recommendation.

Therefore, the Court, having conducted a *de novo* review,[1] finds that Petitioner's Objection is overruled, and hereby ADOPTS the Report and Recommendation [Doc. No. 9] in its entirety.

IT IS THEREFORE ORDERED that the Petition is DISMISSED without prejudice to filing a proper form of action.

IT IS SO ORDERED the 15th day of December, 2016.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[1] Pursuant to Fed. R. Civ. P. 72(b)(3), where the district court refers dispositive matters to a magistrate judge for a report and recommendation, the district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.*; *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1246 (10th Cir. 2015).