IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DENNIS MARTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1170-D |
| | ) | |
| WARDEN BEAR, | ) | |
| | ) | |
| Respondent. | ) | |

# **O R D E R**

Before the Court is Petitioner's Motion for Reconsideration [Doc. No. 13], filed December 22, 2016, pursuant to Fed. R. Civ. P. 60. Petitioner, a state prisoner appearing *pro se*, requests the Court reconsider its previous dismissal of this habeas action. Petitioner's original filing sought habeas relief on the following grounds: (1) wrongful incarceration; (2) denial of access to the courts, due process, and suspension of habeas corpus; and (3) violations of various provisions of the Oklahoma Constitution. *See* Pet. [Doc. No. 1] at 7. Upon consideration of the arguments presented, the Court finds that Petitioner's Motion should be DENIED.

As previously noted by the Court, Petitioner's original filing "fails to state any cognizable claim under 28 U.S.C. § 2241." R. & R. [Doc. No. 9] at 3. Petitioner's first ground for relief challenges the validity of his conviction. However, "a § 2241 petition generally cannot be used to challenge the validity of the underlying conviction." *Cleaver v. Maye*, 773 F.3d 230, 232 (10th Cir. 2014), *cert. denied*, 135 S. Ct. 1865 (2015). Because Petitioner is in state custody, the proper vehicle for Petitioner's

challenge is a § 2254 petition. *See* 28 U.S.C. § 2254(a). As to Petitioner's second ground for relief, denial of access to courts and due process are civil rights claims properly brought under 42 U.S.C. § 1983. *See Gonzales v. Warden*, 55 F. App'x 879, 880 (10th Cir. 2003) (unpublished). Further, Petitioner's suspension-of-habeas-corpus claim "emanate[s] from state post-conviction proceedings," and therefore "fail[s] to state a cognizable claim for relief under 28 U.S.C. § 2241." R. & R. [Doc. No. 9] at 6; *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998). Finally, Petitioner's third ground for relief alleges state law violations which are not properly brought as a federal habeas action. *See Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Therefore, because Petitioner's grounds for habeas relief are not cognizable claims under 28 U.S.C. § 2241, the Court hereby DENIES Petitioner's Motion to Reconsider.

IT IS SO ORDERED this **3rd** day of January, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE